**STRAFFI & STRAFFI**
670 Commons Way
Toms River, NJ 08755
(732) 341-3800
Attorney for Trustee

Daniel E. Straffi   1991

| | |
|---|---|
| In re: | ) UNITED STATES BANKRUPTCY COURT |
| | ) FOR THE DISTRICT OF NEW JERSEY |
| Etoll, Janette F. | ) |
| | ) Chapter 7 proceeding |
| Debtor. | ) Case No. 08-23238/RTL |
| | ) |
| Daniel E. Straffi, Trustee | ) Adv. Pro. No. 09-01741 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Edward M. Etoll, Jr.; and MONOC, | ) Trial Date: January 21, 2010 |
| Monmouth-Ocean Hospital Service | ) |
| Corporation. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S TRIAL BRIEF

1

## STATEMENT OF FACTS

On July 15, 2008, the debtor filed a petition under Chapter 7 of the United States Bankruptcy Code. The debtor listed in her petition a joint interest she held with her husband, Edward Etoll in real estate at 912 Bloomfield Ave., Ocean, New Jersey. She claimed that her real estate had a value of +/- $100,000.00 and was encumbered by a mortgage in the amount of +/- $140,000.00. The remainder of her assets consisted of personal property which she alleged to have a value of +/- $6,600.00.

After filing the petition, the debtor claimed ill health. Because of her ill health the §341(a) Meeting of Creditors was held telephonically on November 11, 2008. The debtor claimed at the meeting that her home had a value of between $190,000.00 and $200,000.00.

Before the meeting of creditors, however, the debtor had provided the Trustee with an appraisal of her property of +/- $310,000.00. The Trustee advised the debtor that given the value of $310,000.00 and the mortgage +/- $140,000.00, there was equity available for creditors if the property, including the interest of the co-owner, was sold.

The debtor responded by stating that her own appraisal was inaccurate and that there were problems with the property that were not considered in her appraisal. The Trustee agreed to have the property appraised by a real estate broker.

The appraisal of the broker suggested that the property, as of January 8, 2009, was worth between $250,000.00 to $275,000.00. The debtor was informed of the appraisal. She requested that the Trustee delay any action to sell the premises. The debtor requested that the Trustee file a Notice of Assets so that the creditor body could be ascertained and a settlement facilitated.

2

The Trustee agreed and a Notice of Assets was filed on January 8, 2009. The bar date was set by the Court for April 8, 2009. Several proofs of claims were filed. The claims amount to $18,992.29.

The debtor, however, reneged on the settlement. Accordingly, the present law suit was filed to sell the co-owner's interest and to avoid a judgment lien.

The Trustee obtained a default judgment against MONOC, Monmouth – Ocean Hospital Service Corporation on August 21, 2009. The judgment held by MONOC i/s/o of $1,433.24 plus interest from August 26, 2005 was avoided.

The debtor's spouse, Edward Etoll filed an answer which generally denied the allegations of the complaint. Mr. Etoll also asserted two (2) affirmative defenses. The first defense stated <u>inter alia</u> that since the debtor died on March 26, 2009 before the filing of the Trustee's complaint, that Mr. Etoll became the sole owner of the property. Consequently, he claimed that the premises did not constitute property of the estate.

In a second affirmative defense, Mr. Etoll contested the rights of the Trustee to sell the property. He claimed that the benefit to the estate from the sale of the property did not outweigh the detriment to him or his minor children.

## POINT I

### THE TRUSTEE'S INTEREST IN THE PROPERTY SHOULD BE DETERMINED AS OF THE DATE OF THE FILING OF THE PETITION

The debtor filed her petition on July 15, 2008. Under bankruptcy law, the above date is crucial inasmuch as the date the petition is filed fixes the rights of the debtor and creditors in property of the estate. <u>Myers v. Matley</u>, 318 U.S. 622, 626, 63 S. Ct. 780, 783; 87 L.

3

Ed. 1043, 1045 (1943); United States v. Marxen, 307 U.S. 200, 207-208 (1938); Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 307 (1911). Goggin v. California Labor Div., 336 US 118, 125-126 (1948); Thomas v. Sun Realty, Inc., 158 N.J. Super. 257 (App. Div. 1978). The general rule in bankruptcy is that the filing of the petition freezes the rights of all parties interested in the bankruptcy estate. 4 Collier on Bankruptcy 228-229 (14th Ed. 1942). As stated in United States v. Marxen, 307 U.S. 200, 207-208 (1938) "… the rights of creditors are fixed by the Bankruptcy Act as of the filing of the petition in bankruptcy. This is true both as to the bankrupt and among themselves. The assets at that time are segregated for the benefit of creditors." (emphasis added)

In Goggin v. California, Labor Div., supra, the United States had perfected a tax lien claim before the debtor filed its petition. At the behest of the Trustee, the United States, after the date of the petition, relinquished possession of the property of the debtor to the Trustee. The California Labor Division argued that its claim against the debtor for wage taxes was paramount to the tax claim of the United States because the tax claim became unperfected when the United States relinquished the property to the Trustee. The Supreme Court said:

> "Subsequent events, such as the relinquishment of his possession by the Collector in favor of the trustee of the bankrupt's estate for the purpose of facilitating a sale of the property by the trustee, are not material to the determination of the issue before us. The terms under which the Collector's possession was relinquished are consistent with and support this result but the Government's rights to payment ahead of the wage claims was determined at the time of the bankruptcy and did not arise out of the arrangement under which possession was relinquished to the trustee. The general point of view in interpreting the Bankruptcy Act is one of long standing. In Everett v. Judson, 228 U.S. 474, 470, this Court said: "We think that the purpose of the law was to fix the line of cleavage with reference to the condition of the bankruptcy estate as

4

of the time at which the petition was filed and that the property which vests in the trustee at the time of adjudication is that which the bankruptcy owned at the time of filing of the petition." See also, <u>Meyers v. Matley</u>, 318 U.S. 622, 626; <u>United States v. Marxen</u>, 307 U.S. 200, 207-208; <u>Acme Harvester Co. v. Beekman Lumber Co.</u>, 222 U.S. 300, 307." (emphasis added)

<u>Id</u>. 125, 126.

Thus, the Court concluded that even though the United States, after the date of the petition, relinquished possession of the debtor's property, its rights were fixed on the date the petition was filed, and were, therefore, superior to the claim of the California Labor Division.

Similarly, in <u>Thomas v. Sun Realty, Inc.</u>, <u>supra</u>, the debtor had filed a petition in bankruptcy before receiving a deed to property while the bankruptcy case was pending. Purchasers of the property form her predecessor in title contended that the debtor's title was unmarketable because the conveyance was made after the filing of the petition but before the debtor had been discharged of her debts. The Court said:

> "Bankruptcy" has the force and effect of the levy of an execution for the benefit of creditors to insure an equitable distribution amongst them of the bankrupt's assets." <u>Myers v. Matley</u>, <u>supra</u>, 318 U.S. at 627, 63 S. Ct. at 783, 87 L.Ed. at 1045. The date of filing of the petition is the point in time when "the general estate passes out of the bankrupt's control and which respect to which the status and rights of the bankrupt, the creditors, and the trustees in other particulars are fixed." <u>Id</u>. 318 U.S. at 626, 63 S. Ct. at 783, 87 L. Ed. at 1045.

<u>Id</u>. 261.

Where a bankruptcy trustee succeeds to the interest in New Jersey real property which a debtor spouse held in tenancy by the entirety with a non-debtor spouse at the commencement of a bankruptcy case, the bankruptcy estate and the non-debtor spouse each own one-half of the property, and the proceeds of any sale of the property will be divided accordingly. In re Youmans, 117 B.R. 113, 121 (B.D.N.J.). In re Sauro, 2008 Bankr. LEXIS 1774 (B.D.N.J. 2008). Accordingly, the defendant's first affirmative defense must be rejected. The debtor's death after the date of the filing of the bankruptcy estate did not change the property interest held by the Trustee. Additionally, B.R.C.P. 1016 makes it clear that the death of a debtor does not abate the administration of an estate.

## POINT II

### THE BENEFIT TO THE ESTATE OUTWEIGHS
### ANY DETRIMENT TO THE DEFENDANT

The standards of 11 USC §363(h) are clear. The defendant does not contest 11 USC §363(h),(1),(2) and (4). Even if he did, the partition of the residence is not practical. Second, if the property was sold without the interest of the debtor, the estate would receive nothing. Third, the property is a residence. Hence, it is not used for the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

Instead, the defendant claims under 11 USC §363(h)(3) that the detriment to him as a co-owner outweighs the benefit to the estate. He states there is also a detriment to his minor children. Third Affirmative Defense.

First, there is no detriment to minor children. At the time of the filing of the petition, the debtor had only one (1) son claimed as a dependent who was 20 years old. Schedule

6

"I" of the Petition. The son is now about 22 years of age. There are no minor children living in the premises.

Second, there would be no detriment to defendant from the sale. At time of filing, the house was worth between $250,000.00 to $275.000.00. Given a mortgage then of +/- $144,000.00 and costs of sale of 10%, his interest equaled:

```
     $250,000.00                or              $275,000.00
      (25,000.00)                                (27,500.00)
     (144,000.00)                               (144,000.00)
       81,000.00                                 103,500.00
     ½ = 40,500.00                              ½ = 51,250.00
```

Even now, if a sale is made in the range of between $225,000.00 to $245,000.00 the defendant still would realize a substantial benefit:

```
     $225,000.00                or              $245,000.00
      (22,500.00)                                (24,500.00)
     (142,000.00)                               (144,000.00)
       60,000.00                                  76,500.00
     ½ = 30,250.00                              ½ = 38,250.00
```

Moreover, the Trustee has avoided the judgment of MONOC on the premises. Consequently, the defendant gains an additional benefit of $1,438.24 with interest from August 26, 2005 against the gross proceeds of sale.

Moreover, it is clear that when a bankruptcy estate's sole means of obtaining monies for payment of creditors will come from the sale of the single real estate asset, a sale under §363(h) should be authorized even in the presence of a substantial hardship to the co-owner. In re Youmans, supra 121. Maiona v. Vassilowitch, 72 Bankr. 803, 807 (B.D. Mass 1987). In this case, the only asset available which may be liquidated for the benefit of creditors is the real estate.

7

Consequently, it is clear that the defendant's Third Affirmative Defense must fail. The defendant will receive a substantial benefit <u>not</u> detriment from a sale of the premises under §363(h) of the United States Bankruptcy Code.

## CONCLUSION

For the reasons addressed above, the plaintiff respectfully submits that the Court should enter judgment for Plaintiff.

Dated: 1/18/09

_____
Daniel E. Straffi