**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   JANETTE F. ETOLL,

                                                    Chapter 7
                                                    Case No. 08-23238 (RTL)

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

DANIEL E. STRAFFI, TRUSTEE,

                                                    Adversary Proceeding
        Plaintiff,                   Case No.  09-1741 (RTL)

   v.

EDWARD M. ETOLL,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**
Straffi & Straffi, Esq.
Daniel E. Straffi, Esq.
Attorneys for Plaintiff/Trustee

Leonard S. Needle, Esq.
Attorney for Defendant

**RAYMOND T. LYONS, U.S.B.J.**

**INTRODUCTION**

     The Trustee seeks a judgment permitting a sale of a residence that the Debtor owned with her non-debtor spouse as tenants by the entirety.  After filing bankruptcy, the Debtor died.  Under state law the Debtor's interest in the entireties property terminated at her death.  The

Trustee has no further interest in the real property as of the Debtor's death. He may not sell the residence.

## JURISDICTION

This court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising in or related to a case under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(N) regarding orders to approve the sale of property.

## FINDINGS OF FACT AND PROCEDURAL HISTORY

Janette Etoll ("Debtor") filed a petition under chapter 7 of the United States Bankruptcy Code on July 15, 2008. The Debtor's only significant asset was her interest in residential real property located in New Jersey. The property was owned by the Debtor and her non-debtor spouse ("Defendant") as tenants by the entirety. Daniel Straffi ("Trustee"/"Plaintiff") was appointed trustee of the Debtor's estate. On March 23, 2009, the Debtor passed away. On April 30, 2009 the Trustee filed an adversary proceeding to obtain court approval of a sale of the estate's interest in the property together with the interest of the Defendant pursuant to Section 363(h) of the Bankruptcy Code.

The Defendant and his son continue to reside at the property. The Defendant argues that, as of the time of the Debtor's death, he is 100% owner of the property and any interest of the Debtor that was passed to the Trustee in bankruptcy was divested upon the Debtor's death. The Trustee argues that his interest in the property was fixed as of the date of filing, at which point he held the property as co-owner with the Defendant and now has the authority to sell the

2

property pursuant to Section 363(h).

## DISCUSSION

### Tenancy by Entireties

This case involves ownership interests in property and thus the court is required to apply state law. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). The interest of the Debtor in the property was that of a tenant by entireties (also known as tenant by the entirety), a "unique form of concurrent ownership at common law . . . traced into antiquity at least as far back as the 14th and 15th Centuries." *King v. Greene*, 153 A.2d 49, 52 (N.J. 1959). A tenancy by entireties is created when a married couple takes title to property jointly. N.J. STAT. ANN. § 46:3-17.2; *see also King*, 153 A.2d at 52 (entireties law based on common law concept of unity of husband and wife as one entity). Tenants by the entirety have survivorship rights: "Upon the death of either spouse, the surviving spouse shall be deemed to have owned the whole of all rights under the original instrument of purchase, conveyance, or transfer from its inception." N.J. STAT. ANN. § 46:3-17.5; *see also King*, 153 A.2d at 59 (survivorship rights of tenants by the entirety are more accurately described as a fee simple subject to defeasance). The Trustee argues that his interest in the property was fixed upon filing as a tenant in common with the Defendant - the death of the Debtor having no effect on his right under Section 363(h) of the Bankruptcy Code to sell both the estate's interest and the Defendant's interest in the property. The Defendant acknowledges that the filing date fixes the rights of the parties with regard to property of the estate, but argues that the tenancy by

entireties was not severed upon filing and the Trustee's right to sell the premises did not survive the Debtor's death. For the reasons laid out below the court agrees with the Defendant's interpretation of entireties law in New Jersey.

At common law, a tenancy by entireties could only be terminated upon dissolution of the marriage. 7 POWELL ON REAL PROPERTY § 52.01[1] (Michael Allan Wolf ed., LexisNexis Matthew Bender 2009). However, the husband possessed the right to alienate the property, and thus it could be reached by the husband's creditors, subject to the wife's right of survivorship. *King*, 153 A.2d at 53 ("But to say that the husband cannot by his voluntary or involuntary act defeat the wife's right of survivorship is not to say that his own right of survivorship, subject to wife's right of survivorship, should he predecease her, cannot be alienated."). A minority of states have abolished or never recognized this form of ownership and others have enacted statutes that modify the common law. POWELL, *supra*, at § 52.01[3]. In a majority of the states that have addressed this issue, a spouse is prohibited from alienating his or her interest in the tenancy by entireties, and creditors of one spouse cannot levy upon the property. *Id.* Two states allow creditors to reach a spouse's right of survivorship but not the life estate. *Id.* Five states, including New York and New Jersey, allow creditors of either spouse to "levy upon the property, subject to survivorship." *Id.*

> New Jersey recognizes tenancy by the entirety . . . , but also gives creditors of either spouse the right to reach the property, including the debtor's present interest, subject to the right of survivorship. The creditor who does so becomes a tenant in common in possession with the nondebtor spouse.

*Id.* (citing *Newman v. Chase*, 359 A.2d 474 (1976); *Cherry v. Cherry*, 403 A.2d 45 (1979)); *see also King v. Greene*, 153 A.2d 49 (N.J. 1959) (reviewing the history of tenancy by entireties in

4

New Jersey and holding that a purchaser at an execution sale following a money judgment against one spouse acquired all of the rights of that spouse including the right to sole ownership).

There have been several New Jersey cases to discuss alienation of one tenant's interest in entireties property; however, none that address the specific issue at hand. *King v. Greene* presented the opposite issue - whether a purchaser at an execution sale of the debtor-wife's interest in entireties property acquired the debtor's survivorship rights and thus takes the entire property upon the death of non-debtor spouse. 153 A.2d at 51. In ruling in the affirmative, the court overruled two earlier case holding that the right of survivorship was not alienable. *See Zanzonico v. Zanzonico*, 46 A.2d 565, 569 (N.J. 1946) ("[T]he alienable estate subject to execution extends only to the use and possession, rent and profits of the lands which each tenant by the entirety enjoys for the period of their joint lives."); *Dworan v. Miloszewski*, 85 A.2d 550, 554 (Camden County Ct. 1952) (same). The court concluded that the right of survivorship is alienable and that both the husband and the wife can alienate his or her right of survivorship since passage of the Married Woman's Act in 1852. *King*, 153 A.2d at 60. The court's review of early common law suggests the husband possessed this right as far back as the 15th century; however, it had long since deteriorated in New Jersey. *Id.* at 53.

In *Newman v. Chase,* 359 A.2d 474, 476 (1976)*,* the court addressed an action for partition of property owned by a non-debtor spouse and a purchaser from the trustee in the debtor-spouse's bankruptcy. Neither spouse was deceased at the time of the case. *Id.* In holding that partition was not automatically available in these circumstances, the court recognized that the purchaser "had succeeded to both [the debtor's] interest as tenant in common for the joint lives of [the debtor and his wife], and also the interest of which [the debtor] would come into full

5

possession and enjoyment should he survive his wife." *Id.* at 477. *Newman* is helpful to our present analysis because it supports the Defendant's argument that a tenancy by the entireties is not severed upon filing for bankruptcy and the Trustee holds only the Debtor's life estate as a tenant in common with the Defendant for the joint lives of the married couple with a right of survivorship.

The Trustee cites *Mueller v. Youmans (In re Youmans)*, 117 B.R. 113 (Bankr. D.N.J. 1990), for the proposition that a trustee and a non-debtor spouse become tenants in common of real property upon the debtor-spouse filing bankruptcy. That case is distinguishable because neither spouse had died and the dispute concerned the relative rights to the proceeds of sale. 117 B.R. at 114. *Youmans* relied on the New Jersey Supreme Court's explanation of tenancy by the entirety in *Newman v. Chase,* 359 A.2d 474 (1976) ("The purchaser at an execution sale of the interest of a debtor spouse in real property becomes a tenant in common with the nondebtor spouse."). Since *Youmans* was limited to the proceeds of sale, the bankruptcy court did not fully explain the holding in *Newman* nor the consequences of the death of either spouse prior to sale. The complete explanation of tenancy by the entirety in the *Newman* opinion is:

> Since the decision in *King v. Greene* . . . it has been the law of this State that the purchaser at an execution sale under a judgment entered against a tenant by the entirety acquires the right of survivorship of the debtor spouse as well as the interest of the latter in the life estate for the joint lives of husband and wife. . . . The purchaser from a trustee in bankruptcy . . . acquires the same interest in the real estate of the bankrupt spouse as does the purchaser at judicial sale mentioned above. 11 U.S.C.A. § 110; *In Re Ved Elva, Inc.*, 260 F.Supp. 978 (D.N.J.1966). Hence [the purchaser], at the time he instituted this action, had succeeded to both [the debtor's] interest as tenant in common for the joint lives of [the debtor and the non-debtor spouse], and also the interest of which [the debtor] would come into full possession and enjoyment should he survive his wife.

359 A.2d at 477.

The Trustee also cites *In re Sauro*, 2008 Bankr. LEXIS 1774 (Bankr. D.N.J. 2008), to support his argument for a tenancy in common upon the bankruptcy filing of one spouse. That case is distinguishable because the residence had been sold by the trustee with the consent of the non-debtor spouse, as well as the debtor. *Id.* at *2. The issue concerned the non-debtor spouse's interest in the proceeds of sale that were subject to the debtor's claim of equitable distribution in a pending divorce action. *Id.* at *1.

Further support for the Defendant's argument is found in case law establishing that a bona fide purchaser of one spouse's interest in entireties property is divested of that interest upon the death of the spouse he purchased from. In *Fruzynski v. Radler*, 93 A.2d 35 (N.J. Super. Ct. App. Div. 1953), the court was required to determine a surviving spouse's interest in property formerly held by the entirety with his wife. During her life, she and her husband conveyed the property to her daughter. 93 A.2d at 38. The surviving spouse's conveyance was held to be procured by fraud and thus void. *Id.* at 39. As to what effect this result had on the parties' interests in the property, the court held:

> He and his wife held the property by the entirety. Therefore [the daughter] received only the wife's interest, which was a life estate in common with her husband subject to the right of survivorship. Thus, if Fruzynski had predeceased his wife appellant would have taken the fee. But when the wife died first, the right of survivorship wiped out the life estate and brought the full fee back to Fruzynski. Consequently the judgment establishes full and complete ownership in him.

*Id.* (citations omitted). A later Appellate Division decision supports this principle as to lien creditors of the decedent spouse. In *Dorf v. Tuscarora Pipe Line Co.*, 136 A.2d 778 (N.J. Super. Ct. App. Div. 1958), the court stated, "[a] purchaser of one tenant's interest on execution sale

7

becomes a tenant in common with the other spouse[1]. If the non-debtor spouse survives, the survivor takes free from the claims of the deceased spouse's creditors." 136 A.2d at 781 (citations omitted).

Bankruptcy provides no exception. The Third Circuit has expressly stated that "bankruptcy does not sever a tenancy by the entireties, but leaves its general characteristics in place . . . . The trustee's authority does not generally supersede that power." *In re Brannon*, 476 F.3d 170, 176 (3d Cir. 2007) (applying Pennsylvania law involving issue of exemptions). The court adopted the following reasoning: "'The trustee merely obtains and retains custody of the debtor's undivided interest consisting of the same unities, intact and unaltered, as they existed immediately prior to the filing of the petition, until such time as that interest, still intact and unaltered, is exempted from the estate . . . .'" *Id.* (quoting *In re Ford*, 3 B.R. 559, 576 (Bankr. D. Md. 1980) (in banc), *aff'd on the opinion of the bankruptcy court sub nom. Greenblatt v. Ford*, 638 F.2d 14 (4th Cir. 1981)).

Also persuasive is *In re Rerisi*, 172 B.R. 525 (Bankr. E.D.N.Y. 1994), cited to by the Defendant. Here, the debtor held property as a tenant by the entirety with his non-debtor wife at the time of filing. *Id.* at 527. Approximately ten months later, his wife died. *Id.* In holding that the trustee was entitled to all the sales proceeds from the sale of the Debtor's property for the benefit of the estate, the court stated in dicta that "[i]f the facts had been reversed, and the Debtor had predeceased his spouse, the Debtor's estate would have no interest in those properties." *Id.* at 529. Although this court is not bound by the New York court's opinion, it is persuasive, particularly in light of the similarities in New York and New Jersey entireties law.

---

[1] Limited to the joint lives of the spouses.

The parties do not quarrel that the property rights of the Debtor and the creditors are fixed upon filing for bankruptcy. The language of the Bankruptcy Code establishes the date of filing as the date in which property of the estate is fixed. Section 541 states: "The commencement of a case under section 301, 302, or 303 of this title creates an estate." 11 U.S.C. § 541(a). Property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). What the Trustee fails to recognize is that property rights are subject to change and/or expiration. For instance, when a debtor possesses an interest in a commercial lease as a tenant at the time of filing, the Trustee succeeds to that interest, but if the lease expires during the case, the estate "ceases to include any interest" in the lease. 11 U.S.C. § 541(b)(2). As stated above, the same holds true of a debtor's interest in a tenancy by entireties.

In sum, New Jersey allows the creditors of either spouse to reach his interest in entireties property, subject, however, to the other spouse's right of survivorship. It is well established that if the non-debtor spouse were to die, a tenancy by the entirety operates to immediately vest the whole of the property in the surviving spouse, eliminating any interest in the deceased spouse or anyone claiming through her. It would be illogical not to apply this same principle upon the death of the debtor spouse. Bankruptcy does not terminate a tenancy by entireties; therefore, in this situation, the tenancy by the entirety operated to immediately divest the Debtor, and thus the Trustee, of her interest in the property upon her death.

**Section 363(h)**

The Bankruptcy Code does give a trustee greater rights in the entireties property than the debtor spouse. Under Section 363(h) the trustee has the right to sell the estate's interest together

with the interest of a co-owner if the benefit to the estate outweighs any detriment to the co-owner. 11 U.S.C. § 363(h). The debtor spouse could not have unilaterally forced the sale of jointly owned property. However, for 363(h) to apply the estate must have an interest in property. Upon the death of the Debtor, the estate's interest expired, so the Trustee's enhanced powers in bankruptcy no longer permit him to sell the marital residence.

## CONCLUSION

Upon the death of the debtor spouse the estate's interest in the marital residence ceased. The surviving non-debtor spouse owns the entire fee in the real estate. Judgment will be entered in favor of the Defendant finding no cause of action to permit the Trustee to sell the real property.

**Dated: March 5, 2010**                                    \_\_\_\_\_/s/ *Raymond T. Lyons*\_\_\_\_\_
                                                            **Raymond T. Lyons**
                                                            **United States Bankruptcy Judge**